**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LISA MARIE BEDORE,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:22-CV-567-SPM<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Lisa Marie Bedore ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 9). Because I find the decision denying benefits was not supported by substantial evidence, I will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On or around July 5, 2018, Plaintiff applied for DIB, and she subsequently applied for SSI. (Tr. 151, 461-64, 465-72). Plaintiff alleged that she had been unable to work since June 1, 2017, due to major depressive disorder, post-traumatic stress disorder, anxiety, GERD, hypothyroidism,

obesity and alcohol recovery. (Tr. 463, 465, 546). Her applications were initially denied on January 31, 2019. (Tr. 330-35). On February 27, 2019, Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") (Tr. 337-39). The ALJ held a hearing on December 29, 2019, and held a supplemental hearing on December 2, 2020. (Tr. 235-61, 262-83). On January 22, 2021, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled. (Tr. 148-73). On March 1, 2022, Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council. (Tr. 458-60). On March 21, 2022, the Appeals Council declined to review the case. (Tr. 1-7). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

With regard to the medical and vocational records, the Court will cite to specific portions of the transcript as needed to address the parties' arguments.

## II.    STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for disability benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such

work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if the claimant is engaging such activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509 or § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), (e) 416.920(d), (e); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which "the most [a claimant] can still do

3

despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2), 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

### III.  THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff had not engaged in substantial gainful activity since June 1, 2017, her alleged onset date; that Plaintiff had the severe impairments of major depressive disorder, post-traumatic stress disorder ("PTSD"), anxiety, alcohol use disorder, morbid obesity, chronic obstructive pulmonary disease ("COPD"),

4

mild intermittent asthma, and grade 1 avascular necrosis of the right femoral head; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 154). The ALJ found that Plaintiff had the following RFC:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she should never be required to climb a ladder, rope or scaffold. She can occasionally climb ramps and stairs. She must avoid exposure to extreme heat, extreme cold and humidity. She must avoid hazards, such as unprotected heights and moving mechanical parts. She must avoid exposure to concentrated levels of fumes, odors, dust, gases and poor ventilation. She is able to complete simple, routine tasks with minimal changes in the job duties and setting. She must avoid fast-paced production work. In addition, she is limited to occasional interaction with supervisors, co-workers and the general public.

(Tr. 156). At Step Four, the ALJ found Plaintiff was unable to perform her past relevant work as a nurse aid. (Tr. 164). At Step Five, relying on the testimony of a vocational expert, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that she could perform, including representative jobs such as price marker (*Dictionary of Occupational Titles* ("*DOT*") No. 209.587-034), photocopy machine operator (*DOT* No. 207.685-014), mail sorter (*DOT* No. 209.687-026), addresser (*DOT* No. 209.587-010), document preparer (*DOT* No. 249.587-018), and press clipping cutter/paster (*DOT* No. 249.587-014). (Tr. 164-65). The ALJ concluded that Plaintiff was not under a disability, within the meaning of the Act, from June 1, 2017, through the date of the decision.

### IV.   DISCUSSION

Plaintiff argues that the ALJ's decision should be reversed because the ALJ did not appropriately evaluate the medical opinions in the record that addressed Plaintiff's mental

5

impairments and because the mental RFC assessment was not supported by substantial evidence. Plaintiff's arguments are directed solely to Plaintiff's mental impairments.

### A. Standard for Judicial Review

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings,

6

the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B.  The ALJ's Assessment of the Medical Opinion Evidence

Plaintiff argues that the ALJ failed to appropriately evaluate the medical opinions related to Plaintiff's mental functioning in two ways. First, Plaintiff argues that the ALJ improperly erred when he credited two opinions in the record—that of non-examining state agency consultant Stephen Scher, Ph.D., and that of Plaintiff's treating provider, Sherry Doney, MSN, RN, PMHCNS-BC—while failing to incorporate relevant mental limitations in those opinions. Second, Plaintiff argues that the ALJ improperly dismissed the opinion offered jointly by Diane White, M.A., and Steven Adams, Psy.D., based on reasons that were not supported by substantial evidence.

Under the rules applicable to Plaintiff's claim,[1] the ALJ must evaluate the persuasiveness of medical opinions in light of the following factors: (1) supportability (the degree to which the medical source presents objective medical evidence and supporting explanations to support his or her opinions); (2) consistency (how consistent the opinion is with evidence from other medical and nonmedical sources); (3) relationship with the claimant (including the length, purpose, nature, and extent of the relationship, and the frequency of examinations); (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the] disability program's policies." 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The first two factors—supportability and consistency—"are the most important factors" to consider when determining the persuasiveness of a medical source's medical opinions,

---

[1] Because Plaintiff's application for benefits was filed after March 27, 2017, the ALJ was required to evaluate the medical opinions in this case pursuant to the new rules set forth at 20 C.F.R. §§ 404.1520c and 416.920c.

and the ALJ must "explain how [he or she] considered the supportability and consistency factors" in the decision. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is "not required to," explain how he or she considered the remaining factors. *Id.* The ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

### *Dr. Scher's Opinion*

On January 28, 2019, after review of Plaintiff's medical records, Dr. Scher found that Plaintiff had limitations in understanding and memory, sustained concentration and persistence, social interaction, and adaptation. (Tr. 307-09). Specifically, he opined that she was moderately limited in the following areas: the ability to understand, remember, and carry out detailed instructions; the ability to work in coordination with or in proximity to others without being distracted by them; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to accept instructions and respond appropriately to criticism from supervisors; the ability to get along with coworkers or peers; the ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; and the ability to respond appropriately to changes in the work setting. (Tr. 307-08). Dr. Scher concluded that Plaintiff "appeared capable of understanding and remembering simple instructions and carrying out a two-step command involving simple instructions"; could "carry out two step commands" but "would struggle with detailed or complex instructions"; had reduced ability to deal with coworkers and the public but could handle brief and superficial contact; had reduced ability to tolerate and respond appropriately to supervision but could handle ordinary levels of

supervision in a customary work setting; and was "capable of adapting to changes that are predictable and introduced gradually." (Tr. 309).

In assessing the opinion evidence, the ALJ summarized Dr. Scher's opinion and stated, "Dr. Scher's opinion is persuasive since it is consistent with the medical evidence, the claimant's self-reported mental function and her routinely normal mental status examinations throughout the record, as detailed above." (Tr. 163). Despite finding Dr. Scher's opinion was "persuasive," the ALJ omitted some of Dr. Scher's opined limitations from the RFC: (1) that Plaintiff could carry out "two step commands" but would struggle with "detailed or complex instructions"; and (2) that Plaintiff could tolerate workplace changes only when they were "predictable and introduced gradually." (Tr. 156). The ALJ did not provide any explanation for the decision not to include those limitations in the RFC. Plaintiff argues that this was error, and that the error caused harm because had those limitations been included in the RFC, the jobs identified by the VE would not have been available.

The Court agrees with Plaintiff that the ALJ's omission of these opined limitations from the RFC, without explanation, was error. The Court acknowledges that there is no requirement that an ALJ accept all limitations proposed by a source, even when the ALJ finds the opinion persuasive or gives it significant weight. *See Wolynski v. Kijakazi*, No. 4:21-CV-1158 SRW, 2022 WL 1521619, at *8 (E.D. Mo. May 13, 2022); *Owens v. Saul*, 2020 WL 2319880, at *4 (W.D. Mo. May 11, 2020). The Court also recognizes that "an ALJ is not required to discuss every piece of evidence submitted." *Wildman v. Astrue* 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). However, the ALJ is not entitled to "pick and choose only evidence in the record buttressing his [or her] conclusion." *Nelson v. Saul*, 413 F. Supp. 3d 886, 916 (E.D. Mo. 2019) (internal quotation marks omitted). The Eighth Circuit has also recognized

9

that in some cases, the ALJ's rejection of evidence without giving reasons renders this Court "unable to determine whether any such rejection is based on substantial evidence." *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995). Moreover, Social Security Ruling 96-8p requires that in assessing the RFC, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Soc. Sec. Admin., Policy Interpretation Ruling Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

Consistent with the above principles, courts have frequently found remand required where an ALJ finds a medical opinion persuasive, yet declines to include some of the limitations found in that opinion in that RFC and does not explain why. *See, e.g., Gann v. Berryhill*, 864 F.3d 947, 952 (8th Cir. 2017) (remanding where the ALJ gave "significant weight" to two medical opinions yet failed to include limitations from those opinions in the RFC or in the hypothetical question posed to the VE); *Wolynski v. Kijakazi*, No. 4:21-CV-1158 SRW, 2022 WL 1521619, at *9 (E.D. Mo. May 13, 2022) (finding error and remanding where the ALJ found the opinion of the non-examining state agency medical consultant "persuasive," yet omitted from the RFC the opined limitation of one- or two-step tasks and instructions, without explaining why); *Batson v. Kijakazi*, No. 20-03251-CV-S-WBG, 2022 WL 501405, at *4 (W.D. Mo. Feb. 18, 2022) ("Because the ALJ found Dr. Allen's opinions to be persuasive, supported by objective evidence, and consistent with the record, the ALJ should have included all limitations set forth by Dr. Allen. Alternatively, if the ALJ chose not to include any of Dr. Allen's limitations, the ALJ should have explained why any excluded limitation was not adopted. Here, the ALJ failed to do either. Thus, the RFC is not supported by substantial evidence."); *Berry v. Kijakazi*, No. 4:20-CV-890 RLW, 2021 WL

10

4459699, at *9 (E.D. Mo. Sept. 29, 2021) (finding error and remanding where the ALJ omitted from the RFC, without discussion, a limitation to two-step commands that was included in a non-examining psychological consultant's opinion; stating, "Because the ALJ did not provide a reason for rejecting [the psychological consultant's] opinion on the two-step command limitation—while including [the psychological consultant's] other opined limitations in the RFC—the Court would be required to determine in the first instance whether there was substantial evidence to support the ALJ's decision to reject that limitation. It is not within the Court's purview to speculate why the ALJ may have rejected certain evidence."); *Masden v. Saul*, No. 4:20-CV-00267-MDH, 2021 WL 3172934, at *2 (W.D. Mo. July 27, 2021) (noting that that under SSR 96-8p, "If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted"; finding remand require where "[t]he ALJ did not explain why, having found Dr. Sullivan's opinions 'persuasive,' she did not include [some of the] limitations [from the opinions] in the RFC").

Here, as in the above cases, the ALJ found Dr. Scher's opinion "persuasive," yet omitted from the RFC key limitations from that opinion. The ALJ did not offer any reasons for rejecting Dr. Scher's finding that Plaintiff could perform only two-step commands or his finding that Plaintiff could tolerate workplace changes only when they were predictable and introduced gradually. It is possible that the ALJ properly evaluated these limitations under the relevant factors and disregarded them for valid reasons, supported by substantial evidence. However, the ALJ's decision does not include any such discussion, and the Court "cannot speculate whether or why an ALJ rejected certain evidence." *Jones*, 65 F.3d at 104. Given the absence of any explanation for why the ALJ omitted this limitation from the RFC despite finding Dr. Scher's opinion persuasive,

11

the Court cannot determine whether the decision to omit this limitation from the RFC was supported by substantial evidence.

The Court also agrees with Plaintiff that the ALJ's error in assessing Dr. Scher's opinion does not appear to be harmless. "An error is harmless when the claimant fails to 'provide some indication that the ALJ would have decided differently if the error had not occurred.'" *Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)). Here, as Plaintiff points out, all six jobs identified by the ALJ at Step Five require either Level 2 Reasoning or Level 3 Reasoning, according to their *DOT* descriptions.[2] The Eighth Circuit has found that a limitation to one- to two-step instructions "indicate[s] that [a claimant] could perform only occupations requiring Level 1 Reasoning" and "cannot perform jobs that would require him to understand and carry out 'detailed but uninvolved written or oral instructions' under Level 2 Reasoning." *Stanton v. Comm'r,* 899 F.3d 555, 558-59 (8th Cir. 2018).[3] Thus, it appears

---

[2] *See DOT* No. 209.587-034, Marker (alternate title: Price Marker), 1991 WL 671802 (Level 2 Reasoning); *DOT* No. 207.685-014, Photocopying-Machine Operator, 1991 WL 671745 (Level 2 Reasoning); *DOT* No. 209.687-026, Mail Clerk (alternate title: Mail Sorter), 1991 WL 671813 (Level 3 Reasoning); *DOT* No. 209.587-010, Addresser, 1991 WL 671797 (Level 2 Reasoning); *DOT* No. 249.587-018, Document Preparer, Microfilming, 1991 WL 672349 (Level 3 Reasoning); *DOT* No. 249.587-014, Cutter-and-Paster, Press Clippings, 1991 WL 672348 (Level 2 Reasoning).

[3] The Eighth Circuit explained:
> Level 2 Reasoning . . . requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." 2 *Dictionary of Occupational Titles* 1011. Level 2 Reasoning is a step above Level 1 Reasoning, which requires a worker to "[a]pply commonsense understanding to carry out one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from those situations encountered on the job." *Id.*

899 F.3d 555, 558 (8th Cir. 2018). The Eighth Circuit found that where the ALJ limited the plaintiff to one- to two-step instructions and the VE testified that the plaintiff could perform jobs requiring Level 2 Reasoning, there was an apparent unresolved conflict between the *DOT* and the VE's testimony and that remand was required to address that conflict. *Id.* at 558-59.

12

that if the ALJ had credited Dr. Scher's opined limitation to two-step commands and included it in the RFC, Plaintiff might have been unable to perform the requirements of the jobs identified by the ALJ.

Defendant argues that the ALJ accounted for the limitation to two-step commands in the RFC and in the hypothetical to the VE by finding that Plaintiff was limited to simple, routine tasks. But Defendant does not cite any authority for the proposition that a limitation to simple, routine tasks accounts for a limitation to two-step instructions, and the Court's own research is to the contrary. *See Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (finding that a limitation to "simple job instructions" and "simple, routine, and repetitive work activity" was consistent with Level 2 Reasoning; reasoning that "the ALJ did not limit 'simple' job instructions to 'simple one- or two-step instructions' or otherwise indicate that the [the plaintiff] could perform only occupations at a *DOT* Level 1 Reasoning level); *Wolynski*, 2022 WL 1521619, at *3, *9 (failure to include limitation to one- and two- step instructions in the RFC was reversible error even though the RFC limited plaintiff to simple, routine tasks); *Burns v. Saul,* No. C18-72-LTS, 2020 WL 13548685, at *9 (N.D. Iowa Jan. 10, 2020) ("[A] limitation to jobs with one-to-two-step instructions indicates a greater limitation than the limitation to simple instructions included in the final RFC here.") (citing *Moore*, 623 F.3d at 604)).

Defendant also suggests that the VE identified the possible conflict between her testimony that Plaintiff could perform these jobs and the limitation to two-step commands when she testified that she had relied on her professional experience rather that the *DOT* in responding to the questions about "the understand, remember, and carry out simple, you know, non-detailed tasks, part of the hypothetical regarding concentration and attention . . . And fast production and being spoken to at the job site." (Tr. 281). The Court disagrees. Nothing in the VE's testimony suggests

13

that she considered whether claimant with a limitation to two-step commands could perform the Reasoning Level 2 or Reasoning Level 3 jobs she identified. Neither the ALJ nor Plaintiff's attorney posed any hypothetical questions to the VE describing a limitation to two-step commands (or non-detailed tasks). The VE's testimony addressed the hypothetical limitation to simple, routine tasks. As discussed above, however, a limitation to simple, routine tasks does not necessarily indicate a limitation to two-step commands.

For all of the above reasons, the Court finds remand is required. On remand, the ALJ should consider all of the functional limitations in Dr. Scher's opinion and should either incorporate all of those limitations into the RFC or explain why any excluded limitation was not adopted. Because remand is required, the Court will not address Plaintiff's remaining arguments. *See, e.g., Berry*, 2021 WL 4459699, at *9 ("Because remand is required, the Court does not address all of Plaintiff's arguments.").

**V.   CONCLUSION**

For the reasons set forth above, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of September, 2023.